THIS ORDER IS A PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov
September 29, 2023

Opposition No. 91268816

*RLP Ventures, LLC*

*v.*

*Panini America, Inc.*

**Ashley D. Hayes, Interlocutory Attorney:**

This case now comes up for consideration of Applicant's motion (filed March 28, 2023) to strike exhibits attached to Opposer's notice of reliance and referenced in the testimony declaration of Ramona Prioleau, Opposer's founder ("Prioleau Declaration"). 46 TTABVUE.[1]

## I.  Background

Applicant seeks to register on the Principal Register the standard character mark MOSAIC for "Collectible trading cards; Sports trading cards" in International Class 16.[2] Opposer opposes registration of Applicant's mark on the ground of likelihood of

---

[1] Citations to the record or briefs in this order are to the publicly available documents on TTABVUE, the Board's electronic docketing system. *See Turdin v. Trilobite, Ltd.*, 109 USPQ2d 1473, 1476 n.6 (TTAB 2014). The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry.

[2] Application Serial No. 88953368, filed June 8, 2020, pursuant to Trademark Act Section 1(a), 15 U.S.C. § 1051(a), and alleging March 1, 2017, as the date of first use anywhere and first use in commerce.

confusion with its previously used and registered mark MOSAEC for "[p]rinted instructional, educational, and teaching materials in the field of foreign languages and cross-cultural communication; [f]iction books on a variety of topics; [n]on-fiction books on a variety of topics," in International Class 16,[3] and "[e]ntertainment services, namely, providing information by means of a global computer network in the fields of celebrities, entertainment, and popular culture," among other services in International Class 41.[4] 1 TTABVUE. Discovery in this proceeding closed May 6, 2022. 14 TTABVUE 9. Opposer's trial period closed March 6, 2023. 37 TTABVUE 8.[5]

Opposer timely filed four trial declarations, 40 TTABVUE (confidential) and 44 TTABVUE (public), and a notice of reliance with 1814 pages of attachments spread over the following four entries: 38 TTABVUE (confidential) with 774 pages; 39 TTABVUE (confidential) with 195 pages; 43 TTABVUE (public) with 289 pages; and 55 TTABVUE (public) with 556 pages.[6]

---

[3] Registration No. 5664353, issued January 29, 2019.

[4] Registration No. 5409856, issued February 27, 2018.

[5] Because Opposer's trial period was set to end on March 4, 2023, 37 TTABVUE 8, which was a Saturday, Opposer's submissions filed the following Monday, March 6, 2023, were timely. *See* Trademark Rule 2.196, 37 C.F.R. § 2.196; TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 112 (2023).

[6] Opposer's notice of reliance with attached exhibits at 41 TTABVUE (comprised of 556 pages), was re-filed in its entirety on June 24, 2023, 55 TTABVUE (also comprised of 556 pages), in response to the Board's June 14, 2023 order requiring that Opposer correct the format of attachments submitted upside down or sideways in the original filing. 54 TTABVUE.

Opposer also filed under seal 21 pages comprised of four unmarked and undated documents identified on the cover sheet as "Confidential Plaintiff's Supporting Evidence/Exhibits." 42 TTABVUE. Notwithstanding that title, the documents therein are not identified as exhibits to either the notice of reliance or the testimony declarations. Inasmuch as 42 TTABVUE appears to duplicate documents submitted with the notice of reliance at Exhibit X (documents produced by Opposer in response to Applicant's request for production of documents), which

## II. Opposer's Evidence Improperly Filed Under Seal Without Public Version

Before turning to Applicant's motion to strike, the Board addresses the 990 pages of trial exhibits (774 pages at 38 TTABVUE, 195 pages at 39 TTABVUE), and the four testimony declarations (40 TTABVUE) filed under seal.

Board proceeding files are to be publicly available with the exception of information properly filed under seal. *See* Trademark Rule 2.27(d)-(e), 37 C.F.R. § 2.27(d)-(e). Trademark Rule 2.125(f), 37 C.F.R. § 2.125(f), allows the Board to order that "any part of an affidavit or declaration [ ] or any exhibits that directly disclose any trade secret or other confidential research, development, or commercial information may be filed under seal and kept confidential under the provisions of § 2.27(e)."

Trademark Rule 2.126(c), 37 C.F.R. § 2.126(c), provides:

> To be handled as confidential, submissions to the Trademark Trial and Appeal Board that are confidential in whole or part pursuant to [Trademark Rule 2.125(f), 37 C.F.R.] § 2.125(f) must be submitted using the 'Confidential' selection available in ESTTA or, where appropriate, under a separate paper cover. [ ] A copy of the submission for public viewing with the confidential portions redacted must be submitted concurrently.

When filing documents containing confidential information, only where "almost every page" of a multi-page document contains some confidential material, might it be reasonable to "submit the entire document under seal." TBMP § 412.04.

---

are available for public view at 43 TTABVUE 2-21, we will assume the filing was inadvertent and give it no further consideration.

"**Occasions when a whole document or motion/brief must be submitted under seal should be very rare.**" *Id.* (Emphasis in original.). Accordingly, the encouraged practice for submitting a confidential filing is to submit under seal a document including only the confidential information that is redacted in the public submission. *See* TBMP § 703.01(p) ("[O]nly the particular exhibits or deposition transcript pages of the testimony affidavit, declaration or deposition that disclose confidential information should be filed under seal pursuant to a protective order."); TBMP § 502.02(c) ("[O]nly the particular portion of a motion that discloses confidential information should be electronically designated as 'CONFIDENTIAL' in ESTTA . . . .").[7]

Opposer appears to have filed all of its evidence under seal, notwithstanding that only a limited number of documents are actually identified as confidential. Moreover, in only one instance is it clear that Opposer filed the required public version of the documents filed under seal. TTABVUE entries 40 (confidential) and 44 (public) are both 33 pages and appear to be identical except the entry at 44 TTABVUE contains redactions expected in the public version.[8]

---

[7] In addition, in the confidential submissions, parties are strongly encouraged to enclose confidential information in brackets to better mark the specific information to be kept confidential. This facilitates a better comparison between the public and confidential versions of the submissions when the Board is preparing a final decision, and will reduce the likelihood that the Board inadvertently may include confidential matter in a final decision or an order on a motion. *See* TBMP § 703.01(p).

[8] The Board has changed the names of the entries for 40 and 44 TTABVUE to clearly reflect that they are the public and confidential versions of the same document.

The ESTTA cover sheet for 38 TTABVUE, filed under seal, indicates that only two documents (X6 Exhibit X-D and X9 Exhibit X-N) are confidential:

```
Opposer_s Notice of Reliance - 03062023.pdf(101579 bytes )
Exhibits A-W and Y-AB2_Part1.pdf(5147016 bytes )
Exhibits A-W and Y-AB2_Part2.pdf(4202497 bytes )
Exhibits A-W and Y-AB2_Part3.pdf(2615054 bytes )
X1-Exhibits A-B.pdf(1123470 bytes )
X2-Exhibit C Pt1.pdf(5118573 bytes )
X3-Exhibit C Pt2.pdf(5469976 bytes )
X4-Exhibit C Pt3.pdf(1092596 bytes )
X5-Exhibit C Pt5.pdf(936636 bytes )
X6-Exhibit D - CONFIDENTIAL.pdf(1561309 bytes )  ←
X7-Exhibits G-L.pdf(4462141 bytes )
X8-Exhibit M.pdf(283263 bytes )
X9-Exhibit N - CONFIDENTIAL.pdf(153751 bytes )  ←
X10-Exhibit O.pdf(2092509 bytes )
```

There is no matching public entry with 774 pages and redacted information.[9]

The ESTTA cover sheet for 39 TTABVUE, also filed under seal, indicates that only two documents (X12 Exhibit X-Q and X22 Exhibit X-W) are confidential:

```
X11-Exhibit P.pdf(98775 bytes )
X12-Exhibit Q - CONFIDENTIAL.pdf(1514954 bytes )  ←
X13-Exhibit R.pdf(234859 bytes )
X14-Exhibit S.pdf(1031898 bytes )
X15-Exhibit T Pt1.pdf(5259402 bytes )
X16-Exhibit T Pt2.pdf(4753923 bytes )
X17-Exhibit T Pt3.pdf(3972239 bytes )
X18-Exhibit T Pt4.pdf(3552558 bytes )
X19-Exhibit U Pt1.pdf(4017225 bytes )
X20-Exhibit U Pt2.pdf(3139186 bytes )
X21-Exhibit V.pdf(833534 bytes )
X22-Exhibit W-HIGHLY CONFIDENTIAL - ATTORNEYS EYES  ←
ONLY.pdf(1033151 bytes )
X23-Exhibits X-Z.pdf(3447770 bytes )
X24-Exhibit AA.pdf(527856 bytes )
```

---

[9] To the extent 55 TTABVUE is intended as the corrected public version of 38 TTABVUE (confidential), Exhibits X-D and X-N are not included therein in redacted form, nor is there any reference to their being filed in their entirety under seal. Similarly, while not identified as confidential on the cover sheet for 38 TTABVUE, Exhibits J, R, S, and V, which bear confidential designations, are not included in 55 TTABVUE in redacted form, nor is there any indication therein they were filed in their entirety under seal.

There is no matching public entry with 195 pages and redacted information.[10]

In view of the foregoing, Opposer is allowed to file, within **TWENTY (20) DAYS** from the date of this order, the redacted versions of its confidential submissions at 38 and 39 TTABVUE, and clearly indicate on the respective transmittal pages "REDACTED COPY OF CONFIDENTIAL ENTRY 38" and "REDACTED COPY OF CONFIDENTIAL ENTRY 39," failing which the confidential entries may be treated as part of the public record, consistent with the Board's general policy that all submissions in a proceeding be public.[11] *See Ayoub, Inc. v. ACS Ayoub Carpet Serv.*, 118 USPQ2d 1392, 1398 n.39 (TTAB 2016).

### III. Timeliness

Procedural objections to testimony and evidence must be raised promptly to allow an opportunity to cure. *See Empresa Cubana Del Tabaco d.b.a. Cubatabaco v. General Cigar Co.*, 2022 USPQ2d 1242, *8 n.21 (TTAB 2022) (citing *Moke Am. LLC v. Moke USA LLC*, 2020 USPQ2d 10400, at *4 (TTAB 2020)), *rev'd on other grounds sub nom.*, *Moke Am. LLC v. Am. Custom Golf Cars, Inc.*, 2023 WL 3232601 (E.D. Va., May 3, 2023)); *see also* TBMP § 707.02(b) and cases cited therein. Procedural objections to evidence submitted by notice of reliance ordinarily must be lodged "before the opening of the next testimony period following that in which the material was offered into the

---

[10] To the extent 43 TTABVUE is intended as the public version of the remaining exhibits to the notice of reliance, Exhibits X-Q and X-W are not included therein in redacted form, nor is there any reference to their being filed in their entirety under seal.

[11] In this regard it also appears that much of the evidence filed under seal comprises publicly available information improperly designated as confidential. Opposer should review TBMP § 412.01 regarding proper designation and over-designation of matter as confidential.

record." *Safer, Inc. v. OMS Invs., Inc.*, 94 USPQ2d 1031, 1040 (TTAB 2010); *see also FUJIFILM SonoSite, Inc. v. Sonoscape Co., Ltd.*, 111 USPQ2d 1234, 1235 (TTAB 2014) (Considering applicant's motion to strike portions of opposer's notice of reliance filed the day prior to the opening of applicant's testimony period.). Procedural objections to declaration testimony ordinarily are to be made or filed no later than the twenty days permitted for a defending party to elect cross-examination. *See Moke Am. LLC*, 2020 USPQ2d 10400, at *6. The purpose behind requiring a party to timely assert objections which are curable is to allow the proffering party a fair opportunity to meet the objections by evidentiary submissions during the periods set for trial. *See Moke Am. LLC*, 2020 USPQ2d 10400, at *5.

Applicant's motion to strike, 46 TTABVUE, was filed twenty-two days after Opposer submitted its trial evidence but prior to the opening of Applicant's testimony period as last reset, 37 TTABVUE 8-9, making it one day late with respect to objections to the declaration testimony.[12] *See Moke Am. LLC*, 2020 USPQ2d 10400, at *6. However, in view of the amount and irregular organization of Opposer's evidence, the Prioleau Declaration's reliance on the exhibits attached to the notice of reliance, and the mere one-day delay, the Board finds it appropriate to exercise its discretion to consider Applicant's motion in its entirety. *Cf. DrDisabilityQuotes.com, LLC v. Krugh*, 2021 USPQ2d 262, *2 (TTAB 2021) (Declining to enter judgment and

---

[12] Twenty days after Opposer filed its trial evidence fell on Sunday, March 26, 2023. Accordingly, Applicant was allowed until the following Monday, March 27, 2023, to file a motion to strike related to Opposer's declaration testimony. *See* Trademark Rule 2.196; TBMP § 112.

considering motion to dismiss filed one-day after the date by which respondent's response to the petition to cancel was due.); *Carano v. Vina Concha Y Toro S.A.*, 67 USPQ2d 1149, 1149 n.1 (TTAB 2003) (Board considers late paper "[i]n view of the de minimis amount of time the brief was late, and the potentially dispositive nature of [the] motion.").

A brief in response to a motion to strike testimony or evidence must be filed within twenty days from the date of service of the motion to strike, unless another time is specified by the Board. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a). In view thereof, Opposer's response to Applicant's March 28, 2023 motion to strike was due on or before April 17, 2023. Opposer did not file its response until April 24, 2023, making it untimely by one week. Moreover, delay appears to be a pattern with Opposer. In prior orders, the Board found Opposer was not timely in responding to discovery requests, 14 TTABVUE, and not timely in submitting a complete motion for summary judgment. 37 TTABVUE 1–4. In contrast to considering Applicant's motion, filed only one day late by a party with no pattern of missing deadlines, the Board will not consider Opposer's response, filed seven days late and from a party with a history of missing deadlines.[13]

---

[13] Opposer embedded in its April 24, 2023 response to Applicant's motion to strike Opposer's trial evidence, 53 TTABVUE 1–2, a "motion to strike" Applicant's July 19, 2022 motion to strike exhibits submitted with Opposer's prior motion for summary judgment, on the basis that Opposer failed to re-file the submission to correct pages submitted sideways or upside down, as required by the Board's April 12, 2023 order. Opposer's April 24, 2023 motion to strike was submitted after this proceeding was suspended for Applicant's motion to strike Opposer's trial evidence, is not related thereto, and accordingly, will not be considered. Moreover, Opposer's April 24, 2023 motion seeks to strike matter that the Board previously determined would not be considered. 37 TTABVUE 3–4.

Nonetheless, inasmuch as Opposer's late response to Applicant's motion to strike demonstrates Opposer did not intend to concede the motion, the Board exercises its discretion to determine the merits of the motion rather than grant it as conceded. *See* Trademark Rule 2.127(a); *see, e.g., Promgirl, Inc. v. JPC Co.*, 94 USPQ2d 1759, 1760 n.1 (TTAB 2009).

## IV. Motion to Strike Opposer's Trial Exhibits[14]

Applicant seeks to strike exhibits attached to Opposer's notice of reliance and referenced in the Prioleau Declaration on the basis that the evidence fails to comply with the Board's procedural rules, lacks foundation and/or proper authentication, as an estoppel sanction, and based on substantive objections to the evidence.[15]

### A. Applicant's Motion for Estoppel Sanction Denied

To the extent Applicant argues that Opposer's trial exhibits should be stricken as an estoppel sanction under Fed. R. Civ. P. 37(c)(1), made applicable to Board proceedings by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a), a motion to strike evidence on that basis contends that a party failed to provide information in discovery, or provided an untimely supplement, and is barred by those actions from using that information or witness at trial, unless the failure to disclose was

---

[14] The Board has carefully considered Applicant's brief and arguments but addresses the record only to the extent necessary to set forth its analysis and findings. *See Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

[15] Although Applicant requests that "the Board strike Opposer's Exhibits and Declaration from the record [ ] on the grounds that Opposer's Notice of Reliance and exhibits consist of hundreds of pages of irrelevant and improperly filed documents," 46 TTABVUE 2, Applicant failed to provide any basis for striking Exhibits A-C, Y and Z in its brief. Moreover, Exhibit C, identified as the file for the subject Application, is automatically of record, and accordingly, need not have been submitted by notice of reliance, nor may it be stricken from the record by any action of the parties. *See* Trademark Rule § 2.122(b)(1), 37 C.F.R. § 2.122(b)(1).

substantially justified or is harmless. *See Great Seats, Inc. v. Great Seats Ltd.*, 100 USPQ2d 1323, 1326 (TTAB 2011). Here, Applicant's motion fails to identify any specific discovery requests served on Opposer that required the production of the specified exhibits. In addition, Applicant failed to support its motion with copies of the relevant disclosures or discovery requests. Accordingly, there is no factual predicate for finding a failure to provide requested information. In view of the foregoing, Applicant's motion to strike exhibits as an estoppel sanction is **denied**.

### B. Opposer's Notice of Reliance Stricken with Leave to Re-file

The Trademark Rules of Practice, which govern inter partes trademark proceedings before the Board, provide that specific types of evidence do not require testimony by a witness, but are considered self-authenticating and may be introduced in evidence by filing a notice of reliance on the material being offered.[16] *See Coach Servs. Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 101 USPQ2d 1713, 1718-19 (Fed. Cir. 2012). Under the Trademark Rules, so long as a notice of reliance indicates generally the relevance of the evidence and associates the evidence with one or more issues in the proceeding, the notice of reliance may be used to submit trademark registrations (Trademark Rule 2.122(d)(2), 37 C.F.R. § 2.122(d)(2)), printed publications, official records, and Internet evidence (Trademark Rule 2.122(e), 37 C.F.R. § 2.122(e)),[17] and an adverse party's written initial disclosures, answers to

---

[16] A notice of reliance is essentially a cover sheet to identify the materials sought to be introduced pursuant to Trademark Rule 2.122(g), 37 C.F.R. § 2122(g), and provide the statement of relevance required for admission thereunder. *See* TBMP § 704.02.

[17] Internet evidence that may be introduced by notice of reliance includes websites, advertising, business publications, annual reports, and studies or reports prepared for or by a party or non-party, as long as they can be obtained through the Internet as publicly

interrogatories, and admissions made in response to a request for admission, together with a copy of the underlying interrogatory and request for admission (Trademark Rule 2.120(k), 37 C.F.R. § 2.120(k)).[18] Because evidence which is not self-authenticating requires identification and foundation necessarily provided by a witness, an offering party cannot use a notice of reliance "for any or all 'exhibits.'" *Wonderbread 5 v. Gilles*, 115 USPQ2d 1296, 1300 (TTAB 2015). "A Notice of Reliance may only be used for the specific categories of documents set out in the relevant rules." *Gen. Mills Inc. v. Fage Dairy Processing Indus. SA*, 100 USPQ2d 1584, 1592 (TTAB 2011) (citations omitted), *judgment set aside on other grounds*, 110 USPQ2d 1679 (TTAB 2014).

In this case, Opposer dumped into the record a large number of documents not admissible by notice of reliance, namely Applicant's discovery requests made to

---

available documents. *See* TBMP § 704.08(b) and cases cited therein. Internet evidence filed by way of a notice of reliance, without further witness testimony, will be considered only for what it shows on its face, rather than for the truth of what is printed therein, which constitutes hearsay. *See Spiritline Cruises LLC v. Tour Mgmt, Servs., Inc.*, 2020 USPQ2d 48324, at *2 (TTAB 2020) (Internet printouts and other materials properly introduced under a notice of reliance without supporting testimony are considered only for what they show on their face rather than for the truth of the matters asserted.).

[18] Document requests do not have a rule analogous to Trademark Rule 2.120(k)(5), 37 C.F.R. § 2.120(k)(5). The Trademark Rules provide that "[a] party who has obtained documents from another party through disclosure or under Rule 34 of the Federal Rules of Civil Procedure may not make the documents of record by notice of reliance alone" unless they are admissible by notice of reliance under the provisions of Trademark Rule 2.122(e), or "the party has obtained an admission or stipulation from the producing party that authenticates the documents." Trademark Rule 2.120(k)(3)(ii), 37 C.F.R. § 2.120(k)(3)(ii). The Board, however, may consider written responses to requests for production of documents to the extent the responses state that no documents exist. *See City Nat'l Bank v. OPGI Mgmt. GP Inc./Gestion OPGI Inc.*, 106 USPQ2d 1668, 1674 n.10 (TTAB 2013) (Responses to document requests are admissible solely for purposes of showing that a party has stated that there are no responsive documents.).

Opposer (Exhibits F, G, T); Opposer's own disclosures and discovery responses (Exhibits D, L-M, O-P, R-S, U-W); and Opposer's documents responsive to Applicant's document requests (Exhibit X). *See* 55 TTABVUE 3-7 (notice of reliance, public) and 38 TTABVUE (exhibits, confidential), 39 TTABVUE (exhibits, confidential), 43 and 55 TTABVUE (exhibits, public). Opposer's submission exceeds 1,800 pages.

Opposer's choices to misuse the circumscribed procedures for shielding confidential documents from public view and for admitting into evidence a select group of self-authenticating documents has created an untenable situation for the Board. With no clearly identified corresponding public version of the more than 900 pages of documents submitted under seal, the Board cannot easily point to specific corresponding nonconfidential and confidential evidence in its final decision. Moreover, with so much evidence inadmissible by notice of reliance, Opposer has made it difficult for the Board to locate the evidence which will be considered, leaving the Board to separate the wheat from the chaff and ferret out possibilities in Opposer's effective document dump;[19] an unnecessary burden and waste of the Board's limited resources. *Cf. Clintec Nutrition Co. v. Baxa Corp.*, 988 F. Supp. 1109, 44 USPQ2d 1719, 1723 n.16 (N.D. Ill. 1997) (A "court will not pour over the documents to extract the relevant information.").

---

[19] Moreover, Opposer needlessly complicated the Board's (and opposing counsel's) ability to easily identify exhibits in the record by assigning its previously used letter designations A-AA for the sub-exhibits to Exhibit X, and then filing the sub-exhibits with cover pages identifying each exhibit as only Exhibit A, B, C, etc., rather than X-A, X-B, etc., as designated in the notice of reliance.

In view of the foregoing, the Board sua sponte strikes Opposer's notice of reliance for failure to confine its exhibits to those permitted under the rules. *Cf. Coach Servs. Inc.*, 101 USPQ2d at 1718–19 (Board did not abuse its discretion by excluding opposer corporation's annual reports from the record in opposition proceeding on ground that reports were not admissible through notice of reliance.). To be clear, striking this evidence but allowing Opposer to file a proper amended notice of reliance that complies with the Board's rules should reduce the pages of exhibits submitted therewith by nearly half, preventing the Board's unnecessary review of hundreds of pages of documents.

In general, the failure to comply with Trademark Rule 2.122(g) is a curable defect that does not require reopening the testimony period to allow for such cure. *See Barclays Cap. Inc. v. Tiger Lily Ventures Ltd.*, 124 USPQ2d 1160, 1165 (2017). As specified at the end of this order, Opposer is allowed a short period in which to file an amended notice of reliance confined to only those exhibits timely submitted during its trial period and permissible under the notice of reliance rules, namely Exhibits A-C (registrations), E (Applicant's initial disclosures), H-K, N, Q (Opposer's discovery requests to Applicant and Applicant's responses), X (Internet materials only),[20] Y-Z (official records) and AA-AB (Internet materials).

---

[20] While the Board will not address each of the 25 sub-exhibits submitted as Exhibit X, which consists of more than 500 pages, *see* 38 TTABVUE (confidential), 39 TTABVUE (confidential), 43 and 55 TTABVUE (public), the Board notes several of the documents therein consist of Internet evidence. Such documents are admissible by notice of reliance only so long as: (i) the date of publication (or date each document was accessed and printed) and its source (URL) are provided, and (ii) the relevance of each document is explained. *See* Trademark Rules 2.122(e), 2.122(g); *Safer, Inc.*, 94 USPQ2d at 1039.

To the extent Opposer submits an amended notice of reliance, Opposer must submit therewith a copy of each exhibit identified therein. Opposer's trial period having closed, no new documents may be submitted by notice of reliance,[21] nor may new testimony declarations be filed, except for purposes of rebuttal. *See Illyrian Import, Inc. v. ADOL Sh.p.k.*, 2022 USPQ2d 292, at *9 (TTAB 2022) (discussing what is proper vs. improper rebuttal evidence). Accordingly, for each exhibit submitted with any amended notice of reliance, Opposer must state in the amended notice of reliance where in the record the exhibit was previously submitted during its testimony period by identifying the TTABVUE docket number and page number within the docket entry (e.g., ___ TTABVUE ___ ). For any exhibit that was previously filed under seal only, Opposer must provide the TTABVUE docket number (e.g., ___ TTABVUE). The Board will not consider any evidence that is not identified by a

---

If Opposer chooses to file an amended notice of reliance, the description of Exhibit X should be amended from the impermissible "Exhibits served by Opposer upon Applicant with respect to Applicant's Request for Production," to "Internet materials," or the type of Internet material, with the exhibits appropriately curtailed, the URL and access dates clarified for each Internet page, and an explanation of the relevance of the materials provided as required by Trademark Rule 2.122(g), discussed in Section IV(C) infra.

Several other sub-exhibits to Exhibit X are inappropriate for submission by notice of reliance, such as, for example, the calendar excerpts in sub-exhibits X-R and X-S, 43 TTABVUE 110-119, and "sales tracker" documents in sub-exhibits X-T and X-U, *id.* at 130-274, and accordingly, required witness testimony for admission.

[21] The Board notes that Opposer's notice of reliance does not identify under Exhibit X a sub-exhibit X-E or X-F. 55 TTABVUE 6. To the extent these exhibits were inadvertently omitted, Opposer may not submit them with any amended notice of reliance inasmuch as Opposer's trial period is closed. *See* Trademark Rule 2.121(a), 37 C.F.R. § 2.121(a) ("No testimony shall be taken or evidence presented except during the times assigned, unless by stipulation of the parties approved by the Board, or upon motion granted by the Board, or by order of the Board.").

TTABVUE docket number, and for the public submissions, a page number within the docket entry.

Opposer is reminded that with the exception of an adverse party's discovery responses designated as confidential by that adverse party, the documents eligible for submission by notice of reliance (i.e., registrations, official records, generally available printed publications and Internet materials) are publicly available, not confidential, and should not be filed under seal. If exhibits to any amended notice of reliance are confidential, Opposer must file both a public version (with confidential matter redacted) and a confidential version of the amended notice of reliance. Only confidential exhibits are to be attached to the confidential version of the amended notice of reliance.

Because Opposer's original notice of reliance is stricken in its entirety, if Opposer fails to file an amended notice of reliance, no exhibits to the original notice of reliance, even those which could be eligible for admission by notice of reliance, will be considered unless they are properly authenticated by declaration testimony or are automatically of record in this proceeding pursuant to Trademark Rule 2.122(b)(1) or 2.122(d)(1), 37 C.F.R. § 2.122(d)(1).

### C.   Amended Notice of Reliance Must Comply with the Board's Applicable Rules

Inasmuch as the Board has stricken Opposer's original notice of reliance in its entirety, Applicant's remaining objections thereto are moot.[22] Nevertheless, in view

---

[22] Nevertheless, to the extent Applicant argues Opposer's exhibits to the notice of reliance should be stricken because they are irrelevant or constitute hearsay, such substantive objections that are not subject to cure normally should be raised in or with the objecting

of providing Opposer leave to file an amended notice of reliance, the Board notes the following with respect Applicant's objections to Exhibits E, H-K, N, Q, X (Internet materials only), and AA-AB to Opposer's original notice of reliance.

Trademark Rule 2.122(g) provides that "for all evidence offered by notice of reliance, the notice must indicate generally the relevance of the evidence and associate it with one or more issues in the proceeding." 37 C.F.R. § 2.122(g). To meet this requirement, the offering party should associate the materials with a specific factor relevant to a specific and pleaded claim or defense, or a specific fact relevant to determining a particular claim or defense. *See FUJIFILM SonoSite, Inc.,* 111 USPQ2d at 1236 (citing *Safer Inc.*, 94 USPQ2d at 1039-40); *see also* TBMP § 704.02. If the propounding party introduces a group of documents to support more than one element of a claim or defense, or more than one relevant fact, it should indicate the specific elements or facts supported by each document in the group. *See FUJIFILM SonoSite, Inc.*, 111 USPQ2d at 1236; *Safer*, 94 USPQ2d at 1039-40. Failure to identify the relevance of the evidence with sufficient specificity in the notice of reliance cover sheet is a procedural defect that can be cured by the offering party within the time set by Board order. *See* Trademark Rule 2.122(g).

Applicant objects to Exhibits E, H-K, N, Q, X (Internet materials only), and AA-AB to the original notice of reliance on the basis that they are improperly "introduced

---

party's brief on the case or in an appendix or separate statement of objections attached to the brief, rather than by motion to strike. *See* TBMP § 707.02(c). To the extent substantive objections are raised by motion to strike, consideration thereof is ordinarily deferred because a determination thereon typically requires review of the trial evidence, which the Board will not undertake prior to final decision. *See Icon Health & Fitness, Inc. v. Eifit LLC*, 2022 USPQ2d 315, at *4 (TTAB 2022).

by a generic description that states the document is relevant to the issue of likelihood of confusion, the issue of priority, and/or the issue of natural zone of expansion."[23] 46 TTABVUE 3. Applicant's objection is well founded. First, the omnibus statement of relevance fails to indicate the specific element supported by each document. *See FUJIFILM SonoSite, Inc.*, 111 USPQ2d at 1236-37; *Safer, Inc.*, 94 USPQ2d at 1040. Second, although associating a particular document with the issues of priority and/or the natural zone of expansion would be sufficient to comply with Trademark Rule 2.122(g), Opposer's statement of relevance also associates the exhibits with the issue of "likelihood of confusion" generally, rather than with any particular, additional likelihood of confusion factor. *See FUJIFILM SonoSite, Inc.*, 111 USPQ2d at 1236 (notice of reliance should associate materials with specific likelihood of confusion factor).

In view of the foregoing, to the extent Opposer files an amended notice of reliance, Opposer is allowed to cure its statement of the relevance for the exhibits or sub-exhibits therein and associate each document with a specific element or fact in the case.

Applicant may file written objections to Opposer's amended notice of reliance (if warranted). Opposer should not expect a second opportunity to cure procedural defects.

---

[23] Although Applicant also objected to Exhibits F, G, and T on the basis that they lack a sufficient statement of relevance, as set forth in Section IV(B) supra, Exhibits F, G, T, (as well as Exhibit X [excluding Internet materials]) are not admissible by notice of reliance and are already stricken.

If Opposer does not file an amended notice of reliance, there is no need for Applicant to renew its objections to Opposer's original notice of reliance in its brief on the case because Opposer's original notice of reliance has been stricken.

### D. Applicant's Objections to Exhibits to the Prioleau Declaration

The Prioleau declaration includes averments as to Opposer's adoption and use of its mark and also references each exhibit submitted by notice of reliance. 44 TTABVUE 1-9, 40 TTABVUE (confidential). No exhibits are attached to the declaration. *Id.*

### 1. Applicant's Substantive Objections Deferred

To the extent Applicant argues Opposer's exhibits referenced in the Prioleau Declaration should be stricken because they are irrelevant or constitute hearsay,[24] consideration of these substantive objections cannot be determined without a review of the evidence. *See Icon Health & Fitness, Inc.,* 2022 USPQ2d 315, at *4 ("[I]t has long been the policy of the Board not to read trial testimony or review other trial evidence prior to final decision"). *Accord FUJIFILM SonoSite, Inc.,* 111 USPQ2d at 1237 n.4; *Weyerhaeuser Co. v. Katz,* 24 USPQ2d 1230, 1233 (TTAB 1992); TBMP §§ 502.01, 707.03(c)(2). Accordingly, determination of these objections is deferred by the Board until final hearing.

---

[24] To be clear, an objection to evidence on the basis that it constitutes hearsay is a substantive objection distinct from an objection that the proffering party failed to lay a proper foundation for admission of the evidence pursuant to an exception to the rule against hearsay set forth in Federal Rule of Evidence 803, which is procedural, and must be seasonably raised to allow an opportunity to cure. *See Moke Am. LLC,* 2020 USPQ2d 10400, at *14-15.

## 2. Leave to Cure Applicant's Procedural Objections Allowed

Turning to Applicant's procedural objections to the exhibits to the Prioleau Declaration, Applicant's motion to strike states "Opposer incorporated into the Declaration [of Ramona Prioleau] the same set of exhibits introduced in Opposer's Notice [of Reliance]," 46 TTABVUE 2, and "Opposer's Declaration improperly references and relies upon the same exhibits from Opposer's Notice of Reliance without laying a foundation for any of the cited exhibits. For this reason, all those exhibits in Opposer's Notice and Declaration should be stricken . . . ." *Id*. at 6.

The Board adopted the rule accepting testimony by declaration with the intent of providing the same procedural and due process protections afforded by testimony by deposition. *See* MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES, 81 Fed. Reg., 69950, 69964 (Oct. 7, 2016) (Notice of Final Rulemaking) ("The new procedure [allowing testimony by affidavit or declaration] retains what the Supreme Court focused on in *B&B Hardware, Inc. v. Hargis Indus., Inc.*, [575 U.S. 138], 113 USPQ2d 2045 (2015): That testimony be under oath and subject to cross-examination. The ability to elect cross-examination of the witness in the new unilateral procedure maintains the fairness and weightiness of Board proceedings.").[25] One of these protections, if a timely objection to the testimony

---

[25] *Accord Ricardo Inc. v. Inventive Software, LLC*, 2019 USPQ2d 311355, at *3 (TTAB 2019) ("The declaration is not hearsay, as it contains Ms. Coutu's trial testimony (the equivalent of live testimony 'in court.')"); *Andrusiek v. Cosmic Crusaders LLC*, 2019 USPQ2d 222984, at *2-3 (TTAB 2019) ("Trademark Rule 2.123(a)(1) permits an affiant or declarant witness located in the United States to be cross-examined only by oral examination."); *Barclays Cap. Inc.*, 124 USPQ2d at 1167 ("Moreover, the fact that a party may now submit unilaterally the testimony of its witnesses in the form of an affidavit or a declaration, the result of which the adverse party must bear the costs of cross-examination if elected, does not affect how evidence

affidavit or declaration is filed,[26] is the ability to promptly cure procedural defects in the testimony. *See Moke Am. LLC,* 2020 USPQ2d 10400, at *5 ("An objection to foundation raised for the first time in a trial brief is untimely because the party offering the testimony (whether by deposition, affidavit or declaration) does not have the opportunity to cure the alleged defect.").

Because the Board will not read the testimony until trial, the proffering party may seek the opportunity to cure procedural objections. *See Moke Am. LLC,* 2020 USPQ2d 10400, at *6 ("The defending party should file the objection with the Board when made, to put the Board on notice that it made a timely objection and the party offering the witness may seek to extend or reopen testimony to cure the defect."). In the alternative, if the proffering party determines the procedural objection is without merit, it may stand on its original submission. *See Icon Health & Fitness, Inc.,* 2022 USPQ2d 315, at *14 ("[A] party may seek to reopen its testimony period in the face of a curable objection as to authentication in order to supplement its testimony. Opposer did not seek to do so here. Instead, Opposer stands on its declarations and

---

is presented to the Board, that is, outside of its presence followed by submission to a panel of judges for final decision."); *U.S. Postal Serv. v. RPost Commc'n Ltd.*, 124 USPQ2d 1045, 1046 (TTAB 2017) ("Oral cross-examination of declarants submitted in the form of an affidavit or declaration under the amended rules is conducted like cross-examination of witnesses providing testimony by deposition, except the cross-examination does not immediately follow an oral examination as it would in a deposition, but follows a notice of election of cross-examination and is to be completed within thirty days of the notice of election.").

[26] "The defending party may seasonably raise the objection in different ways where the testimony is by declaration or affidavit depending on the circumstances of the case," namely (i) seek oral cross-examination and raise an objection to the testimony or exhibit on the deposition record, (ii) serve an objection on the party proffering the declaration or affidavit, filing a copy with the Board and asserting the objection in its trial brief, or (iii) file a motion to strike "no later than the twenty days permitted for the defending party to elect cross-examination." *Moke Am. LLC,* 2020 USPQ2d 10400, at *6.

contends that authenticity is established . . . .”). Whether the proffering party seeks to cure, or stands on its original submission, the Board will defer its decision on the objection until final decision. *Id.*

Because a party's declaration testimony is intended to function as the equivalent of oral testimony, the Board must be flexible in applying the standard for reopening testimony for the purpose of supplementing testimony to address a curable defect such as lack of authentication or foundation. Under the Board's usual analysis for reopening a period for taking action under Fed. R. Civ. P. 6(b)(1)(B), as established by *Pioneer Inv. Sers. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the relevant circumstances to show excusable neglect include: (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

The submission of procedurally deficient evidence such as documents without adequate foundation generally will be a matter within the reasonable control of the proffering party. However, during oral testimony, a contemporaneous objection to the introduction of a document by a witness would not require a showing of excusable neglect before allowing a cure. The proffering party would be able to amend its testimony to meet the objection immediately.[27] Accordingly, when reopening

---

[27] That is, the cure would be immediate if the procedural defect was capable of cure by the same witness. To be clear, introducing evidence through a witness with no personal knowledge of the evidence, or otherwise incompetent to establish the proper foundation for the evidence, is not a procedural defect. A Board order crafting a method to cure procedural defects in testimony by declaration that is analogous to the ability to cure procedural defects in testimony by deposition is not intended to allow any substantive addition to the evidence.

testimony for the purpose of supplementing testimony to address a curable defect, the Board bears in mind its interest in providing an equitable opportunity to cure procedural defects equivalent to that accorded a witness providing oral testimony. *See Pioneer Inv. Sers. Co.*, 507 U.S. at 395 ("[T]he determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.").

In the unique circumstances of this case, in which nearly all of Opposer's case has been improperly submitted, the Board will not further delay this proceeding by requiring Opposer to file a motion to reopen to cure the testimony laying the foundation for exhibits in the Prioleau Declaration. Proceedings already are delayed to allow Opposer to file an amended notice of reliance following the Board's decision to strike Opposer's original notice of reliance in its entirety. Under the unusual evidentiary circumstances of this case, and for the reasons set forth below, the Board sua sponte reopens Opposer's testimony period for the sole purpose of allowing Opposer, if it finds it necessary, to file a supplemental declaration by Ramona Prioleau curing alleged procedural defects raised by Applicant in her foundation testimony for the exhibits referenced in her original declaration, by laying a proper foundation for any such document previously submitted during Opposer's main trial period.[28] Opposer's trial period having closed, no substantive information may be

---

In other words, a motion to reopen testimony to allow testimony by a new witness, new substantive statements by the same witness, or to introduce new documents would be subject to the traditional *Pioneer* analysis.

[28] While the Board has the discretion to set a time for a party to cure an alleged procedural defect in a testimony declaration without an accompanying motion to reopen, the opportunity for the proffering party to cure such an alleged procedural defect is not automatic. If the

added to the supplemental declaration of Ramona Prioleau and no new exhibits may be attached, except for proper rebuttal during Opposer's rebuttal testimony period.[29] *See Illyrian Import, Inc.*, 2022 USPQ2d 292, at *9.

If Opposer does not file a supplemental declaration from Romana Prioleau as permitted herein, Applicant must renew its foundation objections to the original Prioleau Declaration in its brief on the case. The Board will address properly raised substantive grounds for exclusion in its final decision, provided the objections are raised at trial, failing which they will be considered waived. *See Icon Health & Fitness*, 2022 USPQ2d 315, at *19; *Wet Seal Inc. v. FD Mgmt., Inc.*, 82 USPQ2d 1629, 1632 (TTAB 2007).

If Opposer does file a supplemental declaration from Ramona Prioleau, Applicant has twenty days from that submission to file and serve a notice of election to cross-examine, written objections, or a motion to strike any supplemental declaration, if

---

proffering party wishes to cure an alleged procedural defect in a testimony declaration, the proffering party remains responsible for requesting that the testimony period be reopened.

[29] If Opposer submits an amended notice of reliance restricted to Exhibits A-C, E, H-K, N, Q, Y-Z, and AA-AB, and any Internet materials previously submitted during Opposer's trial period, there is no need to lay a foundation for admission of those documents in the supplemental declaration. Furthermore, the Board notes Applicant's additional objection to paragraphs 18-45, 48, and 54-55 of the Prioleau Declaration as improperly referencing exhibits for which Ms. Prioleau failed to lay a foundation. 46 TTABVUE 6. Because Opposer may cure the foundation objections to the exhibits, the Board will not further address Applicant's objections to paragraphs 18-45, 48, and 54-55 of the Prioleau Declaration. To the extent Opposer does not file a supplemental declaration to cure the foundation objections as allowed herein, the objection to paragraphs 18-45, 48, and 54-55 of the Prioleau Declaration will be addressed at final hearing if Applicant renews the objection in its trial brief.

warranted. If this is the case, Opposer should not expect a second opportunity to cure procedural defects.[30]

## V.   Summary; Proceeding Resumed

Applicant's motion to strike Opposer's trial exhibits as an estoppel sanction is **denied**.

The Board sua sponte strikes Opposer's notice of reliance for failure to confine its exhibits to those permitted under the rules.

Applicant's motion to strike Opposer's trial exhibits submitted with the notice of reliance on grounds that the exhibits: (i) are inappropriate for submission by notice of reliance; (ii) are not supported by a sufficient statement of relevance; and (iii) are irrelevant or hearsay, are **moot**.

Applicant's motion to strike Opposer's trial exhibits submitted with the Prioleau Declaration and paragraphs 18-45, 48, and 54-55 of the Prioleau Declaration related thereto is **deferred** with respect to substantive and procedural objections.

Opposer is allowed until **TWENTY (20) DAYS** from the date of this order to take the following action:

- file redacted versions of its confidential submissions at 38 and 39 TTABVUE;

- file an amended notice of reliance restricted to Exhibits A-C, E, H-K, N, Q, Y-Z, AA-AB, and any Internet materials already submitted during Opposer's

---

[30] However, if Applicant chooses to cross-examine Ramona Prioleau as to testimony in the supplemental declaration and raises objections to foundation during that deposition, Ms. Prioleau would have the usual opportunity to cure procedural defects during the deposition. *See Moke Am LLC,* 2020 USPQ2d 10400, at \*6.

main trial period as part of Exhibit X, with an amended statement of each document's relevance;[31] and

- file a supplemental declaration by Ramona Prioleau to cure any failure to lay a proper foundation for admission of the exhibits submitted during Opposer's main trial period and referenced in the original Prioleau Declaration (except those that are self-authenticating and admissible by notice of reliance).

This cure is restricted to documents already of record. Opposer's testimony period is closed. No new documents may be submitted, no new testimony declarations may be submitted, and no substantive information may be added in any supplemental declaration of Romana Prioleau, except for proper rebuttal evidence filed during Opposer's rebuttal testimony period.

If Opposer files an amended notice of reliance, Applicant is allowed **TWENTY (20) DAYS** from that submission to file and serve a motion to strike; if Opposer files a supplemental declaration from Ramona Prioleau, Applicant is allowed **TWENTY (20) DAYS** from that submission to file and serve a notice of election to cross-examine, motion to strike, or written objections.

If Opposer does not respond to this order, Opposer's materials submitted under seal with no redacted version for public view may be treated as public information; its notice of reliance remains stricken, and, if Applicant renews its objections in its trial brief, all documents submitted during Opposer's trial period will be considered only if Applicant's objections to the original Prioleau Declaration are overruled, with the exception of documents submitted with the testimony declarations of Kescia I.

---

[31] Opposer is reminded that for Internet materials submitted pursuant to Trademark Rule 2.122(g), the entire URL at which the document was accessed must be provided, as well as the date of access. *See* Trademark Rule 2.122(e)(2).

Prioleau, Dr. Pamela Perry, and Samantha Miller, 44 TTABVUE 11–33 (public), 40 TTABVUE (confidential), which were not the subject of Applicant's motion to strike, and any documents automatically of record in this proceeding pursuant to Trademark Rule 2.122(b)(1) and 2.122(d)(1).[32]

This proceeding is **resumed**. Remaining trial dates are **reset** as set forth below.

| | |
|---|---|
| Defendant's 30-day Trial Period Ends | 12/23/2023 |
| Plaintiff's Rebuttal Disclosures Due | 1/7/2024 |
| Plaintiff's 15-day Rebuttal Period Ends | 2/6/2024 |
| Plaintiff's Opening Brief Due | 4/6/2024 |
| Defendant's Brief Due | 5/6/2024 |
| Plaintiff's Reply Brief Due | 5/21/2024 |
| Request for Oral Hearing (optional) Due | 5/31/2024 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b),

---

[32] The parties are reminded that in their trial briefs, they should refer to the evidentiary record using TTABVUE. That is, the parties are to provide the docket entry number and the pages at which the evidence being relied upon may be found. *See* TBMP § 801.03.

37 C.F.R. §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).